**Mumtazul HASAN; Yasmin Hasan; Jurrat Hasan; Ruthba Hasan, Petitioners,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 03–60133

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 23, 2003.

---

Joyce A. Shatteen, Dallas, TX, for Petitioners.

Anne M. Estrada, US Immigration & Naturalization Service, Dallas, TX, Allen W. Hausman, Thomas Ward Hussey, Director, Aviva Lea Poczter, John Ashcroft, US Department of Justice, Washington, DC, Caryl G. Thompson, US Immigration & Naturalization Service, New Orleans, LA, for Respondent.

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mumtazul, Yasmin, Jurrat, and Ruthba Hasan (petitioners), are natives of Bangladesh. They have filed a petition for review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of their petitions for asylum, withholding of removal, and relief under the Convention Against Torture.

Petitioners' argument that the BIA's affirmance of the IJ's decision deprived them of their right to a meaningful agency appeal is without merit. *See* 8 C.F.R. § 3.1(a)(7) (2002); *Soadjede v. Ashcroft*, 324 F.3d 830, 831 (5th Cir.2003).

The IJ's determination that the petitioners failed to show that Mumtazul suffered past persecution, as well as the fact that conditions in Bangladesh have changed such that they no longer have a well founded fear persecution, is supported by substantial evidence. *See Lopez De Jesus v. INS*, 312 F.3d 155, 161 (5th Cir.2002); *Ontunez–Tursios v. Ashcroft*, 303 F.3d 341, 350–51 (5th Cir.2002); *Rojas v. INS*, 937 F.2d 186, 190 n. 1 (5th Cir.1991); 8 C.F.R. § 208.13(b)(1) (1997). Neither have the petitioners shown that the IJ erred in denying their requests for withholding of removal or for relief under the Convention Against Torture. *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir.1994); *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir.2002). The petition for review of the BIA affirmance of the IJ's decision is DENIED.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.